IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MEADE COMMUNITIES, LLC
    *Plaintiff*,

v.                                     Civil Action No. ELH-22-2381

GERALD L. WHITAKER,
    *Defendant*.

**MEMORANDUM**

Plaintiff Meade Communities, LLC ("Meade") filed suit on September 19, 2022, against defendant Gerald L. Whitaker, asserting breach of contract of a "Resident Occupancy Agreement." ECF 1 (the "Complaint"). In particular, the lease agreement (the "Lease," ECF 1-2) involves a housing unit located on Fort George G. Meade, a military installation in Maryland under federal jurisdiction. ECF 1, ¶ 3. Plaintiff claims that, on multiple occasions, defendant, a civilian, failed to pay rent due and owing under the Lease, as well as late fees. *Id*. ¶¶ 2, 8.

The docket reflects that defendant was served with the suit on October 7, 2022. ECF 4. However, he never responded. Therefore, pursuant to a motion filed by plaintiff (ECF 5), the Clerk entered an Order of Default against defendant on November 21, 2022. ECF 6. And, the Clerk of the Court then issued a "Notice Of Default" to Whitaker. ECF 7.

On December 5, 2022, plaintiff filed a "Motion For Judgment By Default" (ECF 8), supported by exhibits. ECF 8-1 to ECF 8-3 (collectively, the "Motion"). The Motion requests entry of judgment against defendant in the amount of $12,696.50, representing back rent and late fees. ECF 8 at 2. Defendant has not responded to the Motion, and the time to do so has expired. *See* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion, without prejudice.

## I. Factual Background

Plaintiff is a Delaware limited liability corporation with its principal place of business at Fort Meade, where it owns and operates family housing under the Department of Defense Military Housing Privatization Initiative (10 U.S.C. § 2871, *et seq*.). ECF 1, ¶ 1. As noted, defendant is a civilian. *Id.* ¶ 2. At the time suit was filed, he occupied the property at 4742 English Avenue, #305-A, Fort Meade, Maryland 20755 (the "Premises"). Plaintiff asserts it owns and operates the Premises. *Id*.

Defendant executed the Lease for the Premises on March 11, 2022. ECF 1-2. Notably, the Lease is "between **Meade Apartments, LLC** (the **'Owner'**) and **Gerald L. Whitaker** (the **'Resident'**)." *Id*. at 1 (emphasis in original). However, the Lease does not mention plaintiff, Meade Communities, LCC. Nor does the Complaint explain the relationship between plaintiff and Meade Apartments, LLC, which is identified as the lessor and owner in the Lease.

Plaintiff's Disclosure Statement (ECF 2) states that "Meade Communities is not a publicly traded corporation and is an affiliate of Corvias Military Living, LLC, Corvias Management – Army, LLC and the United States Department of the Army." *Id*. at 1. Plaintiff also avers: "No other corporation, unincorporate association, partnership or other business entity has a financial interest in the outcome of this litigation." *Id*.

In the Complaint, plaintiff alleges that defendant has failed to pay rent in a timely manner pursuant to the Lease. ECF 1, ¶ 2. In particular, plaintiff alleges: "Whitaker has failed to pay rent to Meade on multiple occasions and owes unpaid rent and late fees to Meade." *Id*. ¶ 8. As of June

2

1, 2022, Whitaker owed in excess of $8,000 in rent and late fees. *Id.* ¶ 10.[1] By December 1, 2022, the outstanding balance grew to $12,696.50 in rent and late fees. ECF 8-3 ("Resident Ledger").

Plaintiff alleges in the suit that on August 17, 2022, it provided defendant with written notice that plaintiff will file for breach of contract to recover defendant's outstanding balance and for eviction pursuant to the Resident Occupancy Agreement. ECF 1, ¶ 13. However, the "Notice To Quit Or Vacate For Non-Payment" (ECF 1-4) does not contain a date of the notice or an address for defendant. Plaintiff alleges that, "[n]otwithstanding this notice, defendant continues to occupy the Subject Premises." ECF 1, ¶ 15. Therefore, the Court cannot verify when it was sent or where it was sent.

On December 1, 2022, plaintiff mailed the Clerk's Order of Default (ECF 6) and Notice of Default (ECF 7) to defendant at the Premises. ECF 8-1. However, the salutation is addressed to "Ms. Jones". *Id.* at 1.

Additional facts are discussed, *infra*.

## II. Discussion

Rule 55(b) of the Federal Rules of Civil procedure governs default judgments. In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."[2] But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims

---

[1] Paragraph 10 of the suit states that "Jones" owes the money. Presumably, counsel used a form complaint and failed to change the name of the tenant in paragraph 10.

[2] If the sum is not certain or ascertainable through computation, the court looks to Rule 55(b)(2).

3

liquidated damages; otherwise the complaint must be supported by affidavit or documentary evidence. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J).[3]

Entry of default judgment under Rule 55(b)(2) "is left to the discretion of the court." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). But, the the Fourth Circuit has a "strong policy that cases be decided on the merits . . . ." *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 229 (4th Cir. 2019) (discussing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)), *cert. denied*, ___ U.S. ___, 139 S. Ct. 2762 (2019); *see Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013). However, the policy is not absolute. Thus, default judgment "'is appropriate when the adversary process has been halted because of an essentially unresponsive party.'" *Garnier-Thiebaut, Inc. v. Castello 1935 Inc.*, SDT-17-3632, 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019) (Thacker, J.) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013)); *see Lawbaugh*, 359 F. Supp. 2d at 421.

In the case of a default judgment, the plaintiff's factual allegations, other than those pertaining to damages, are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that the court accepts as true the well pleaded factual allegations in the Complaint as to liability). If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Id.* at 780-81. Notably, allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Monge*, 751 Supp. 2d at 794; *Trs. Of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, DKC-08-

---

[3] Judge Grimm is now a retired United States District Judge. He authored *Monge* when he was a United States Magistrate Judge.

2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Rather, the Court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

Upon review of plaintiff's submissions, and as indicated, the Lease reflects that Meade Apartments, LLC is the "Owner", and not plaintiff. *See* ECF 1-2 at 1. Indeed, Meade Apartments, LLC is mentioned at least a dozen times in the Lease as the "Owner" of the Premises. *See id*. at 1, 12-15, 21, 22, 24, 25, 32, 34, 38. Yet, plaintiff is not mentioned in the Lease at all. Moreover, there is nothing in the record that indicates that there is any relationship between plaintiff and Meade Apartments, LLC.

This is not the only discrepancy in the record. As noted above, the Complaint alleges that an individual by the name of "Jones owes in excess of $8,034.00 in rent and late fees." ECF 1, ¶ 10. Moreover, the Affidavit of David Baker, Resident Manager of Corvias Property Management (ECF 8-2), states that "the undersigned is unable to determine if Casandra Jones is in the military service or not." *Id*. at 1. And, although ECF 8-1 is addressed to Gerald Whitaker at the Premises, the salutation reads "Dear Ms. Jones". ECF 8-1 at 1. Plaintiff does not provide an explanation for these discrepancies.

Accordingly, I shall deny the Motion, without prejudice to plaintiff's right to refile the Motion, subject to an adequate explanation as to the discrepancies.

### III. Conclusion

For the reasons discussed, I shall deny the Motion, without prejudice to plaintiff's right to renew its request at a later time.

An Order follows.

Date:   April 11, 2023             /s/
                                   Ellen L. Hollander
                                   United States District Judge