IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MEADE COMMUNITIES, LLC<br>*Plaintiff*,<br><br>v.<br><br>GERALD L. WHITAKER,<br>*Defendant*. | Civil Action No. ELH-22-2381 |

**MEMORANDUM**

Plaintiff Meade Communities, LLC ("Meade") filed suit on September 19, 2022, against defendant Gerald L. Whitaker, asserting breach of contract, *i.e.*, a "Resident Occupancy Agreement." ECF 1 (the "Complaint"). In particular, the Resident Occupancy Agreement was a lease agreement (ECF 1-2, the "Lease") for a housing unit located on Fort George G. Meade, a military installation in Maryland under federal jurisdiction. ECF 1, ¶ 3. Plaintiff claims that, on multiple occasions, defendant, a civilian, failed to pay rent due and owing under the Lease, as well as late fees. *Id*. ¶¶ 2, 8.

The docket reflects that defendant was served with the suit on October 7, 2022. ECF 4. However, he never responded. Therefore, pursuant to a motion filed by plaintiff (ECF 5), the Clerk entered an Order of Default against defendant on November 21, 2022. ECF 6. And, the Clerk of the Court then issued a "Notice Of Default" to Whitaker. ECF 7.

On December 5, 2022, plaintiff filed a "Motion For Judgment By Default" (ECF 8), supported by exhibits. ECF 8-1 to ECF 8-3. The motion requested entry of judgment against defendant in the amount of $12,696.50, representing back rent and late fees, as well as "reasonable

attorneys [sic] costs in the amount of $552.00, for a total monetary judgment of $13,248.50." ECF 8 at 2; ECF 8-5 at 1.

By Memorandum and Order of April 11, 2023, I denied the Motion. ECF 11, ECF 12. In denying the motion, I outlined two core concerns. First, I noted that the plaintiff is "Meade Communities, LLC," but the corporate entity listed as the "Owner" on the Lease is "Meade Apartments, LLC." And, as there was "nothing in the record that indicates that there is any relationship between plaintiff and Meade Apartments, LLC," the latter of which is listed as the "Owner" on the Lease, plaintiff did not establish its entitlement to recovery. ECF 11 at 6. Second, the Complaint and other filings reference Cassandra Jones, rather than defendant Whitaker. And, I pointed out that "[p]laintiff does not provide an explanation for these discrepancies." *Id.* Therefore, I denied the motion, without prejudice to plaintiff's right to refile the motion, "subject to an adequate explanation as to the discrepancies." *Id.*

On May 15, 2023, plaintiff filed a second "Motion For Judgment by Default" (ECF 13, the "Motion"), supported by exhibits. ECF 13-1 to ECF 13-5. In the Motion, plaintiff again requests entry of judgment against defendant in the amount of $12,696.50, representing back rent and late fees (ECF 13 at 2), as well as "reasonable attorneys [sic] costs in the amount of $552.00, for a total monetary judgment of $13,248.50." ECF 13-5 at 1. Plaintiff also seeks an order that, "[a]s Whitaker has breached the applicable Occupancy Agreement and as a Notice of Eviction has been provided to Whitaker, possession of the property is returned to" Meade Communities, LLC, and that defendant "immediately vacate the premises known as at [sic] 4742 English Avenue, #305, Ft. Meade, MD 20755." *Id.*

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

In plaintiff's revised Motion, plaintiff has not addressed either of the concerns I set forth in ECF 11.  Yet, the Court made clear in ECF 11 that, in light of its concerns, a default judgment was not appropriate.

Accordingly, I shall again deny the Motion, without prejudice to plaintiff's right to renew the Motion, subject to an explanation as to the concerns outlined both in ECF 11 and herein.

An Order follows.

Date:  August 23, 2023                          /s/
                                        Ellen L. Hollander
                                        United States District Judge